1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAUL MEDINA,                              No.  2:16-cv-0765 AC P

12              Plaintiff,

13        v.                                   ORDER

14   SACRAMENTO COUNTY SHERIFF'S
     DEPARTMENT,
15
                Defendant.
16

17        I.     Introduction

18        Plaintiff is a state prisoner, currently incarcerated at Avenal State Prison, who proceeds

19   with a civil rights complaint against the Sacramento County Sheriff's Department filed pursuant

20   to 42 U.S.C. § 1983.  Plaintiff also requests leave to proceed in forma pauperis pursuant to 28

21   U.S.C. § 1915.  Plaintiff has consented to the jurisdiction of the undersigned Magistrate Judge for

22   all purposes pursuant to 28 U.S.C. § 636(c), and Local Rule 305(a).  See ECF No. 4.  This order

23   grants plaintiff's request to proceed in forma pauperis but dismisses his complaint with leave to

24   file a First Amended Complaint, and provides guidance to plaintiff in drafting an amended

25   complaint.

26        II.    In Forma Pauperis Application

27        Plaintiff has submitted declarations that make the showing required by 28 U.S.C. §

28   1915(a).  Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

                                              1

1   Plaintiff is required, nevertheless, to pay the statutory filing fee of $350.00 for this action.

2   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

3   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

4   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

5   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

6   payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

7   account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

8   each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

9   U.S.C. § 1915(b)(2).

10   III.   Screening Prisoner Complaints Pursuant to 28 U.S.C. § 1915A

11   A.   Legal Standards

12   The court is required to screen complaints brought by prisoners seeking relief against a

13   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

14   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

15   "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary

16   relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

17   A district court must construe a pro se pleading liberally to determine if it states a

18   potentially cognizable claim.  The court must explain to the plaintiff any deficiencies in his

19   complaint and accord plaintiff an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122,

20   1130-31 (9th Cir. 2000).  While detailed factual allegations are not required, "[t]hreadbare recitals

21   of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

22   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corporation  v. Twombly, 550

23   U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to

24   'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly,

25   550 U.S. at 570).  "While legal conclusions can provide the framework of a complaint, they must

26   be supported by factual allegations."  Id. at 679.  Rule 8 of the Federal Rules of Civil Procedure

27   "requires only a short and plain statement of the claim showing that the pleader is entitled to

28   relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it

2

1  rests." <u>Twombly</u>, 550 U.S. at 555 (citation and internal quotation and punctuation marks
2  omitted).

              B.     <u>Plaintiff's Complaint</u>

3
4       Plaintiff alleges in full, ECF No. 1 at 3:

5          On or about March of 2015, the Officers of the Sacramento County
        Sheriff's Dept. took my knee immobilizer that was issued by U.C.
6          Davis Medical Center due to a (R) knee injury, which in turn did
        not allow my knee to heal property that now occasionally slips in
7          and out of socket which causes me severe pain.

8       These allegations generally state a claim under the Eighth Amendment for deliberate
9  indifference to plaintiff's serious medical needs.  However, these allegations fail to identify the
10  officer who took plaintiff's knee immobilizer.  To state a claim for deliberate indifference to
11  serious medical needs, plaintiff must allege that a specific officer or officers confiscated
12  plaintiff's knee brace despite knowing of and disregarding "an excessive risk to [plaintiff's]
13  health or safety; the official must both be aware of the facts from which the inference could be
14  drawn that a substantial risk of serious harm exists, and he must also draw the inference."  <u>Farmer</u>
15  <u>v. Brennan</u>, 511 U.S. 825, 837 (1994).

16       "In the Ninth Circuit, the test for deliberate indifference consists of two parts.  First, the
17  plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's
18  condition could result in further significant injury or the unnecessary and wanton infliction of
19  pain.  Second, the plaintiff must show the defendant's response to the need was deliberately
20  indifferent.  This second prong ... is satisfied by showing (a) a purposeful act or failure to respond
21  to a prisoner's pain or possible medical need and (b) harm caused by the indifference."  <u>Jett v.</u>
22  <u>Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks
23  omitted); <u>accord</u>, <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (9th Cir. 2012); <u>Lemire v. CDCR</u>,
24  726 F.3d 1062, 1081 (9th Cir. 2013).

25       Alternatively, plaintiff may proceed under Section 1983 against Sacramento County only
26  on a theory that his knee brace was confiscated pursuant to a "policy or custom" of the
27  Sacramento County Sheriff's Department.  <u>See Brass v. County of Los Angeles</u>, 328 F.3d 1192,
28  1198 (9th Cir. 2003) (citing, inter alia, <u>Monell v. Department of Social Services</u>, 436 U.S. 658,

694 (1978).  The complaint, as currently framed, fails to make such allegations.

Because the allegations of the complaint fail to identify a proper defendant, the complaint must be dismissed.

IV.     Requirement of Administrative Exhaustion

A further problem besets this case.  Plaintiff concedes that he did not file a grievance concerning the facts relating to his complaint.  See ECF No. 1 at 2.  He explains:  "I didn't know if I could and if I did if it would make any difference due to the speed of my processing."  Id. Plaintiff is informed of the following legal standards concerning the exhaustion of administrative remedies.

"The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions."  Ross v. Blake, 136 S. Ct. 1850, 1854-55 (June 6, 2016) (quoting 42 U.S.C. § 1997e(a)).  "There is no question that exhaustion is mandatory under the PLRA[.]"  Jones v. Bock, 549 U.S. 199, 211 (2007) (citation omitted) (cited with approval in Ross, 136 S. Ct. at 1856).  The exhaustion requirement is based on the important policy concern that prison officials should have "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court."  Jones, 549 U.S. at 204.  The "exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims."  Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) ("a prisoner does not comply with [the exhaustion] requirement by exhausting available remedies during the course of the litigation").

Regardless of the relief sought, a prisoner must pursue an appeal through all levels of a prison's grievance process as long as some remedy remains available.  "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'  Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance."  Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (original emphasis) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).  "The only limit to § 1997e(a)'s mandate is the one baked

////

4

1    into its text:  An inmate need exhaust only such administrative remedies as are 'available.'"

2    Ross, 136 S. Ct. at 1862.

3           Thus, "an inmate is required to exhaust those, but only those, grievance procedures that

4    are 'capable of use' to obtain 'some relief for the action complained of.'"  Ross, 136 S. Ct. at

5    1859 (quoting Booth, 532 U.S. at 738).  The Supreme Court has clarified that there are only

6    "three kinds of circumstances in which an administrative remedy, although officially on the

7    books, is not capable of use to obtain relief."  Ross, at 1859.  These circumstances are as follows:

8    (1) the "administrative procedure . . . operates as a simple dead end – with officers unable or

9    consistently unwilling to provide any relief to aggrieved inmates;" (2) the "administrative scheme

10   . . . [is] so opaque that it becomes, practically speaking, incapable of use . . . so that no ordinary

11   prisoner can make sense of what it demands;" and (3) "prison administrators thwart inmates from

12   taking advantage of a grievance process through machination, misrepresentation, or intimidation."

13   Id. at 1859-60 (citations omitted).  Other than these circumstances demonstrating the

14   unavailability of an administrative remedy, the mandatory language of 42 U.S.C. § 1997e(a)

15   "foreclose[es] judicial discretion," which "means a court may not excuse a failure to exhaust,

16   even to take [special] circumstances into account."  Ross, 136 S. Ct. at 1856-57.

17          Failure to exhaust administrative remedies is an affirmative defense that must be raised by

18   defendants and proven on a motion for summary judgment.  See Albino v. Baca, 747 F.3d 1162,

19   1172 (9th Cir. 2014), cert. denied sub nom. Scott v. Albino, 135 S. Ct. 403 (2014).   The only

20   exception is "[i]n the rare event that a failure to exhaust is clear on the face of the complaint."  Id.

21   at 1166 (authorizing defendant to move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6)); see

22   also Jones, 549 at 215 (exhaustion is not a pleading requirement but an affirmative defense that, if

23   apparent on the face of the complaint, may support dismissal); Wyatt v. Terhune, 315 F.3d 1108,

24   1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal,

25   so long as no exception to exhaustion applies."), overruled on other grounds by Albino, supra,

26   747 F.3d at 1166; Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) ("Because Vaden

27   did not exhaust his administrative remedies prior to sending his complaint to the district court, the

28   district court must dismiss his suit without prejudice.") (citing Wyatt, 315 F.3d at 1120).

1    If a court concludes that a prisoner failed to exhaust his available administrative remedies,

2    the proper remedy is dismissal without prejudice for failure to state a claim upon which relief

3    may be granted.  See Albino, 749 F.3d at 1169; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir.

4    2005); Jones, 549 U.S. at 223-24.  When it is clear from the face of the complaint and any

5    attached exhibits that a plaintiff did not exhaust his available administrative remedies before

6    commencing an action, the action may be dismissed on screening for failure to state a claim.  See

7    28 U.S.C. § 1915A(b)(1) (upon screening, "the court shall . . . dismiss the complaint, or any

8    portion of the complaint, if the complaint  (1) . . . fails to state a claim upon which relief may be

9    granted"); 42 U.S.C. § 1997e (c)(2) ("In the event that a claim [] on its face . . . fails to state a

10   claim upon which relief can be granted, . . . the court may dismiss the underlying claim without

11   first requiring the exhaustion of administrative remedies.").[1]

12       In an amended complaint, plaintiff should clarify the reasons he did not pursue an

13   administrative remedy concerning the confiscation of his knee brace, e.g., explain the significance

14   of his "speed of processing."  Plaintiff should also attempt to identify which of the exceptions to

15   exhaustion noted above, if any, may apply to his circumstances.

16   ////

17   _____

18   [1] Accord, Sorce v. Garikpaetiti, 2014 WL 2506213, at *3, 2014 U.S. Dist. LEXIS 76431, at *8
     (S.D. Cal. May 30, 2014) ("based on Plaintiff's concession of nonexhaustion, which is clear and
19   unequivocal on the face of his Complaint, the Court finds Plaintiff's case must be dismissed [on
     screening] for failing to state a claim upon which relief may be granted") (citations omitted);
20   Young v. Unnamed, Secretary of CDCR, 2014 WL 5176386, at*4, 2014 U.S. Dist. LEXIS
     146472, at *8 (S.D. Cal. Oct. 14, 2014) (on screening and "based on Plaintiff's concession of
21   nonexhaustion, which is clear and unequivocal on the face of his Complaint, the Court finds that
     even if Plaintiff had sufficiently alleged an Eighth Amendment claim against the Secretary, his
22   Complaint would still be subject to dismissal . . . for failing to state a claim upon which relief can
     be granted") (citations omitted); Lucas v. Director of Dept. of Corrections, 2015 WL 1014037,
23   at*4,  2015 U.S. Dist. LEXIS 27957, at *9 (E.D. Cal. Mar. 5, 2015) (on screening plaintiff's
     FAC, in which plaintiff conceded that he had not exhausted his administrative remedies before he
24   commenced the action, the court found that plaintiff's "attempt to initiate federal litigation prior
     to his full administrative exhaustion requires dismissal of this civil action without prejudice to
25   plaintiff's bringing of his now exhausted claims in a new civil action") (citations omitted); Eha v.
     California Institute for Men, 2015 WL 8664155, at *3, 2015 U.S. Dist. LEXIS 27957, at *8 (C.D.
26   Cal. Dec. 10, 2015) ("Plaintiff's 'concession to nonexhaustion' in his Complaint and in his First
     Amended Complaint warrants dismissal at the pleading stage.") (citations omitted); Morehead v.
27   Kern Valley State Prison, 2016 WL 3136034, at *2, 2016 U.S. Dist. LEXIS 72234, at *5 (E.D.
     Cal. June 2, 2016) (dismissing FAC on screening on the ground that,"[w]hile the Court typically
28   grants leave to amend in a pro se cases (sic), Plaintiff's clearly conceded failure to exhaust cannot
     be cured by the allegation of additional facts.").

V.      Leave to File a First Amended Complaint

Subject to the legal standards set forth herein, plaintiff may file a proposed First Amended Complaint within thirty (30) days after the filing date of this order.  A First Amended Complaint will be screened by the court pursuant to 28 U.S.C. § 1915A.

Plaintiff is advised that an amended complaint must clearly identify each defendant and their respective allegedly unconstitutional conduct.  The charging allegations must be clearly set forth in the amended complaint so that each defendant has fair notice of the claims against him.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).  The federal rules contemplate brevity.  Fed. R. Civ. P. 8(a); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.  By signing an amended complaint, plaintiff certifies he has evidentiary support for his allegations and that his claims are warranted by existing law.  Fed. R. Civ. P. 11.

VI.      Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis, see ECF No. 2, is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

////

1  Director of the California Department of Corrections and Rehabilitation filed concurrently

2  herewith.

3       3. Plaintiff's complaint, ECF No. 1, is dismissed with leave to file a proposed First

4  Amended Complaint.

5       4. Within thirty (30) days after the filing date of this order, plaintiff may file a proposed

6  First Amended Complaint, subject to the legal standards set forth in this order.

7       5. Plaintiff's failure to timely file a First Amended Complaint will result in the dismissal

8  of this action without prejudice.

9       6. The Clerk of Court is directed to send plaintiff, together with a copy of this order, a

10 copy of the form complaint used by prisoners in this district to pursue a civil rights action under

11 42 U.S.C. § 1983.

12      SO ORDERED.

13 DATED: October 13, 2016

14      _Allison Claire_ _____
        ALLISON CLAIRE
15      UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28